# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Emanuel Shoulders,                                    Case No. 3:08CR456

    Petitioner/Defendant,

v.                                                    **ORDER**

United States of America,

    Respondent/Plaintiff

    Petitioner Emanuel Shoulders has filed a petition for post-conviction relief under 28 U.S.C. § 2255. (Doc. 52). The government has filed an opposition. (Doc. 53). For the reasons that follow, I find no merit whatsoever to the putative petition (which, in actuality, seeks, not release from custody, but recompense for decisions by government authorities after his release to a halfway house in Dayton, Ohio, and after his release from there).

    In addition, I enter an order permanently barring the petitioner, subject to the penalty and sanctions of contempt of court, from filing any pleadings in this court whatsoever without first obtaining, on a clear and convincing showing of plausible merit as to each such proposed pleading or other filing, prior approval of this Court unless he remits at the time of filing payment in full of the requisite filing fee.

## Discussion

    Following a plea of guilty to possessing a firearm despite the bar of a prior felony, petitioner received a sentence of forty-eight months, followed by a three-year term of supervised release.

Thereafter, petitioner filed multiple pleadings; none had merit. The only consequence was an order barring further filings. (Doc. 45).[1]

The Bureau of Prisons released the petitioner from custody on August 10, 2012.

When he filed the instant 2255 petition, petitioner was – and, so far as the record indicates, presently remains – confined in a State prison. Thus, as a State prisoner, he is not entitled to release under § 2255.

But release from custody is not, in any event, what he seeks.

Instead, he seeks to assert a claim apparently under the Federal Tort Claims Act, which he has not cited, and as to which he has not shown either a timely filing or compliance with the FTCA's prior notice requirements. *See* 28 U.S.C. § 2675(a).

The gravamen of his claim appears to be that the Bureau of Prisons placed him in the wrong halfway house and, thereafter, he was ordered to relocate to Toledo, costing him his livelihood and inflicting great emotional distress that caused him to commit further crimes. He has not named, either specifically or by position or as "John (or Jane) Does," any of the defendants.

The government's response treats, as does the petitioner, his complaint as a 2255 petition. Thus, I will too, though it is subject to dismissal on the basis that the relief he seeks – damages – is not available under § 2255. *See* 28 U.S.C. § 2255(a) (authorizing districts courts only to "vacate, set aside or correct" a criminal sentence); *see also U.S. v. Wacker*, 1998 WL 982898, *1 n.2 (D. Kan.) (section 2255 motion was "not a proper vehicle for obtaining monetary damages").

---

[1] Despite this order, the petitioner submitted several letters to the Clerk of Court in February, 2018, that discuss the same events at issue in the pending § 2255 motion. In light of my disposition of the § 2255 motion and the conclusions I reach as to the petitioner's penchant for vexatious litigation, I will return these letters to the Clerk and order that no further action be taken with respect to them.

However denominated, petitioner's filing of this case was untimely because he: 1) filed it outside the one year limitations period of the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2255(f); and 2) he failed to meet the filing deadline and other predicate requirements of the FTCA. *See* 28 U.S.C. § 2401(b) (requiring that all tort claims against the United States "shall be forever barred" unless "presented in writing to the appropriate Federal agency within two years after such claim accrues").

I need not, and will not, further analyze the allegations of the petition, given that petitioner does not challenge his conviction in this court or the sentence it imposed.

Finally, if all these defects were not enough to justify dismissal of his petition with prejudice, he is not, as noted, currently in federal custody. Though the government's response states that, on his expected release from State custody on April 18, 2018, the Pretrial Services and Probation Department will file a supervised release violation report, that, alone, does not suffice to constitute custody, regardless of what may happen in a few days.

Because the petitioner was not in federal custody when he filed the instant petition, petitioner is not entitled to relief. *See*, *e.g.*, *U.S. v. DeMario*, 246 F. Supp. 786, 787 (E.D. Mich. 1965).

**Conclusion**

There is thus, no merit to petitioner's petition, however viewed. Because petitioner has no lawful basis of any kind for relief, all his other pending motions will be dismissed, with prejudice. Moreover, petitioner's record of filings in this court show convincingly that he remains, and in all likelihood will remain, a vexatious litigant in need of deterrence.

It is, accordingly,

ORDERED THAT:

1. The pending petition, filed under 28 U.S.C. § 2255, be, and the same hereby is denied, with prejudice;

2. All outstanding filings and motions by the petitioner be, and the same hereby are, denied;

3. Petitioner be, and hereby is, permanently enjoined from filing any further complaint, pleading, document, or communication of any kind whatsoever absent either prepayment in full of any requisite filing fee or prior approval, to be granted based on a clear and convincing showing by the petitioner that such filing is done in good faith and not vexatiously and has, on its face, plausible merit; absent such finding and prior approval, the Clerk shall not accept any such material for filing, but shall lodge it and refer it to the assigned Judge for review;

4. The letters petitioner submitted to the court in February, 2018, shall be returned to the Clerk. The letters shall not be filed on the docket, and no further action shall be taken with respect to them or the allegations contained therein; and

5. Jurists of reason could not rationally dispute this order or its rationale, and an appeal could not be taken in good faith; accordingly, no certificate of appealability will issue, and no such appeal shall be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge